IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
Western Division

**NEWFIELD PRODUCTION COMPANY**,

        Plaintiff,

v.           Civil Action No. 1:16-CV-00273
        Judge Bailey

**EIGHTY-EIGHT OIL LLC**,

        Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
NEWFIELD PRODUCTION COMPANY'S MOTIONS *IN LIMINE***

Pending before this Court are Newfield's Opposed Motions *in Limine* [Doc. 91]. The defendant has filed its responses to the Motions, and the same are ripe for decision. Newfield seeks to preclude the following types of evidence or argument:

**1.   Any argument, testimony, evidence, reference, or suggestion that Eighty-Eight calculated its differential for NDL equally for all producers. In addition, this limine precludes Eighty-Eight from introducing evidence that other producers have agreed to contracts with Eighty-Eight containing Eighty-Eight's differential for NDL.**

This Motion is **DENIED**. The Motion seeks to exclude relevant evidence concerning whether the price paid was non-discriminatory. The fact that Eighty-Eight refused to disclose the identities of the other customers does not make the evidence irrelevant. Newfield did not seek to compel the information.

1

**2.     Any argument, testimony, evidence, or reference to equitable issues and other issues that are not triable to a jury, including pre- and post-judgment interest, unclean hands, estoppel, laches, and whether each monthly Lease Purchase Agreement is to be interpreted as a new contract between the parties.**

This Motion is **DENIED**. It is unclear as to precisely what evidence the plaintiff seeks to exclude, other than the Lease Purchase Agreements, which are relevant to the issues herein.

**3.     Any argument, testimony, evidence, reference, or suggestion that Newfield was "sandbagging" Eighty-Eight, "purposefully inflating damages," or acting in bad faith to "r[un] up its damages" against Eighty-Eight by performing in accordance with the terms of the contract.**

This Motion is **GRANTED**. Such characterizations as are noted in the Motion have no place in a civil trial.

**4.     Any argument, testimony, evidence, reference, or suggestion that Newfield owed duties to non-operating working interest owners and/or royalty owners or that Newfield failed to perform any duties owed to non-operating working interest owners and/or royalty owners by electing to sell barrels to Eighty-Eight, or that Newfield otherwise treated its working interest owners and/or royalty owners poorly or unfairly in any way.**

Eighty-Eight counters with the argument that it intends to show that Newfield fully complied with each and every obligation owed to its owners. The Motion is **DENIED**.

**5.     Any argument, testimony, evidence, or reference to the fact that the**

2

**United States government and/or the government of North Dakota is one of Newfield's royalty interest owners on the leases used to supply barrels of crude to Eighty-Eight.**

This Motion will be **GRANTED**.  The identity of the royalty interest owners is not relevant.

**6.     Any argument, testimony, evidence, reference, or suggestion that Newfield's actions with respect to Newfield's decision to deliver barrels to Eighty-Eight pursuant to the Sales Agreement were illegal, of doubtful legality, or in violation of any civil or criminal laws giving rise in any way to any kind of civil or criminal liability.**

This Motion is **GRANTED**.

**7.     Any argument, testimony, evidence, or reference to Newfield's contracts for crude oil in the Uinta Basin, Utah, including whether Newfield has paid deficiency or shortfall fees to any party on any contracts for crude oil in the Uinta Basin.**

This Motion is **GRANTED**.  There is no reason to open this trial to the actions and circumstances of the plaintiff in another production area.

**8.     Any argument, testimony, evidence, reference, or suggestion regarding other litigation involving Newfield and/or its subsidiaries, officers, directors, or employees.**

This Motion is **GRANTED**.

**9.     Neither party shall introduce any argument, testimony, evidence, reference, or suggestion regarding this Court's rulings on any pre-trial motions filed**

by either party or regarding either party's decision to file or not file any such motions. However, this limine shall not prohibit counsel for either party from objecting during trial on the grounds that evidence violates an order in limine.

This Motion is **GRANTED**.

10. Any argument, testimony, evidence, or reference denigrating, disparaging, touting, exalting, or commenting unnecessarily on the place of residence of a party, a witness, or counsel, or otherwise differentiating the place of residence of a party, a witness, or any counsel from North Dakota. This limine does not prohibit any party from generally describing where a witness or party may work or reside, but does prohibit any party from commenting on where counsel for any party works or resides.

This Motion is **GRANTED** insofar as it seeks to prohibit evidence concerning the residences and primary places of work of counsel. The parties' and witnesses' relative experience working in North Dakota is relevant and permitted.

11. Any argument, testimony, evidence, reference, or suggestion regarding any previously asserted causes of action, claims, defenses, or counterclaims that have been dismissed, abandoned, or withdrawn from this litigation, including the fact that any such cause of action, claim, defense, or counterclaim was asserted previously but has been dismissed, abandoned, or withdrawn.

The Motion is **GRANTED**.

12. Any argument, testimony, evidence, or reference to the fact that any testifying expert in this case had testimony excluded or found to be unreliable in any

other lawsuits. This limine does not prohibit a party from inquiring into issues related to an expert's bias on behalf of their client.

This Court will reserve ruling on this Motion.

13. Any argument, testimony, evidence, reference, or suggestion that counterparties to contracts with Eighty-Eight chose not to put their barrels in Eighty-Eight's NDL basket or elected not to have their barrels included in Eight-Eight's NDL basket, as such testimony would be speculation, hearsay, and not supported by any competence [*sic*] evidence in this case.

This Motion is **DENIED**.

14. Any argument, testimony, evidence, or reference to drafts of the Sales Agreement between the parties or to discussions of proposed changes to the language of the Sales Agreement, as such is inadmissible parol evidence.

This Motion is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: July 24, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE