**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
Western Division**

**NEWFIELD PRODUCTION COMPANY**,

                Plaintiff,

    v.                                     **Civil Action No. 1:16-CV-00273**
                                           Judge Bailey

**EIGHTY-EIGHT OIL LLC**,

                Defendant.

## ORDER DENYING MOTION TO EXCLUDE

Pending before this Court is Eighty-Eight Oil LLC's Motion to Exclude Newfield Production Company's Rebuttal Expert Opinions, Reports and Testimony [Doc. 39]. The Motion has been fully briefed and is ripe for decision.

In the Motion, the defendant asserts the following reasons to exclude the expert testimony: (1) the rebuttal opinions were not timely disclosed under the scheduling order and are untimely; (2) the untimely reports were not harmless or substantially justified; and (3) the disclosures exceed the scope of rebuttal.

This Court cannot find the disclosures to be untimely. The Scheduling Order in this case provided for the plaintiff's disclosures not later than June 26, 2017, with the defendant's disclosures not later than August 11, 2017. There is no mention of rebuttal experts.

"The Court's Rule 16 Scheduling Order is not meant to displace the Federal Rules of Civil Procedure, unless the content of the scheduling order, which usually is based on the parties' Form 52 Report, directly conflicts with the Federal Rules of Civil Procedure.

Most federal courts addressing the issue have concluded that, when a scheduling order is silent on the issue of designation of a rebuttal expert, the rebuttal expert is allowed based on Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure. *See* **Mayou v. Ferguson**, 544 F.Supp.2d 899, 900–01 (D. S.D. 2008); **SEC v. Badian**, 2009 WL 5178537, at *4 (S.D. N.Y. Dec. 23, 2009); **Dixon v. Certainteed Corp.**, 168 F.R.D. 51, 53–54 (D. Kan. 1996) (holding that neither explicit language of Rule 26(a)(2)(D)(ii) nor its purpose requires that rebuttal experts be provided within 30 days of original disclosure when trial is more than 90 days away); *but see* **Chamberlain v. Denny's, Inc.**, 206 F.R.D. 418, 421 (D. M.D. 2002)." **Buhr Bros., Inc. v. Michaelis**, 2013 WL 1501571, *2 (D. S.D. April 11, 2013).

In this case, it is unclear when the defendant filed its disclosures but the same were due on August 11, 2017. The plaintiff filed rebuttal experts on September 11, 2017.[1]

"Rule 26(a)(2)(D)(ii) provides that, absent a stipulation or court order, a party's expert disclosure "must be made ... if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure."

The disclosures appear to be timely.

This Court also finds no fault with the scope of the disclosures. While the defendant may characterize some of the disclosure as bolstering, the disclosures appear to address the challenges to the plaintiff's experts' opinions.

For these reasons, Eighty-Eight Oil LLC's Motion to Exclude Newfield Production Company's Rebuttal Expert Opinions, Reports and Testimony [**Doc. 39**] is **DENIED**.

---

[1] One might note that September 11, 2017 is actually 31 days after August 11, 2017. However, September 10, 2017, was a Sunday.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: July 24, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE